**FILED**

March 05, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
NM
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-25-CV-149-OLG** |
| | § | |
| **JOHN DOE, SUBSCRIBER ASSIGNED** | § | |
| **IP ADDRESS 108.167.53.55,** | § | |
| | § | |
| **Defendant.** | § | |

## O R D E R

Pending before the Court is Plaintiff Strike 3 Holdings, LLC's ("Strike 3") Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion") (Dkt. No. 6). For the reasons that follow, the Motion (Dkt. No. 6) is **GRANTED**.

## I.    BACKGROUND

On February 12, 2025, Strike 3 initiated this copyright infringement lawsuit against Defendant John Doe ("Defendant"), identified only by his or her IP address. Dkt. No. 1 at 1. Strike 3 owns and distributes adult films through several "subscription-based websites" and alleges that Defendant, using "BitTorrent,"[1] illegally downloaded and distributed its copyrighted works. *See id.* at 3–5, 7. On March 4, 2025, Strike 3 filed the Motion. *See* Dkt. No. 6. In the Motion, Strike 3 represents that, through the use of a "proprietary forensic software," it discovered that Defendant's IP address was "illegally distributing Strike 3's motion pictures." *Id.* at 1–2. However, Strike 3 cannot identify Defendant based on his or her IP address alone. According to Strike 3, only Spectrum—Defendant's internet service provider ("ISP")—can link the IP address to the associated subscriber. *Id.* at 2. Thus, Strike 3 requests leave to serve Spectrum with a third-party

---

[1] BitTorrent is a peer-to-peer file sharing protocol, "which is a means by which devices connected to the Internet can share large computer files (such as digital copies of movies) while minimizing the strain on computer networks." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 83 (E.D.N.Y. 2012).

subpoena to obtain Defendant's name and address and, thereafter, effectuate service of process on Defendant. *See id.*

## II.    LEGAL STANDARD

Unless authorized by a court order, parties are generally prohibited from commencing discovery before conferring "as required by Rule 26(f)." *See* FED. R. CIV. P. 26(d)(1). While the Federal Rules of Civil Procedure are silent on the standard for authorizing such discovery, several courts in the Fifth Circuit have adopted a "good cause" standard. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-459, 2024 WL 3524043, at *1 (E.D. Tex. July 24, 2024); *Dougherty v. U.S. Dep't of Homeland Sec.*, No. 21-cv-154, 2022 WL 20717365, at *1 (S.D. Tex. Jan. 19, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 21-cv-1002, 2021 WL 5203338, at*1 (W.D. Tex. Nov. 8, 2021). In this context, "good cause" is determined by reference to the following five factors:

> (1) a concrete showing of a *prima facie* claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.

*Strike 3 Holdings, LLC*, 2021 WL 5203338, at *2 (quoting *Malibu Media, LLC v. Doe*, No. 19-cv-622, 2019 WL 10945397, at *1 (W.D. Tex. July 23, 2019)).

## III.    ANALYSIS

In the Motion, Strike 3 argues that it has satisfied all five factors and, as a result, meets its burden of demonstrating "good cause." *See* Dkt. No. 6 at 5–10. The Court considers each factor in turn below.

### A.    Actionable Harm

First, Strike 3 argues that it has established a *prima facie* case of copyright infringement because it alleges that it owns several copyrights, which Defendant unlawfully "downloaded" and "distributed." *Id.* at 6. The Court agrees. To establish a *prima facie* case of copyright infringement,

a copyright owner must prove "(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (alteration in original) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)) (internal quotation marks omitted). Strike 3 alleges that it owns a number of copyrighted works, which Defendant downloaded and distributed without its authorization. Dkt. No. 1 at 7–8. Such allegations are prototypically sufficient to establish copyright infringement. *See* Adrian Liu, *Copyright as Quasi-Public Property: Reinterpreting the Conflict Between Copyright and the First Amendment*, 18 FORDHAM INTELL. PROP. MEDIA & ENT. L.J. 383, 410 (2008) ("The prototypical case of copyright infringement involves the wholesale reproduction of a copyrighted work without the owner's consent."). Accordingly, the first factor weighs in Strike 3's favor.

## B.    Specificity of Request

Second, Strike 3 contends that its proposed subpoena will be "concrete and narrow," insofar as Strike 3 only seeks Defendant's name and address for the purpose of effectuating service of process. *See* Dkt. No. 6 at 6–7. Once again, the Court agrees. Strike 3 expressly limits its request to the minimum amount of identifying information necessary to execute service of process. *See* FED. R. CIV. P. 4(e). Such limitations are sufficiently specific. *See Strike 3 Holdings, LLC*, 2021 WL 5203338, at *2; *Strike 3 Holdings, LLC*, 2024 WL 3524043, at *2. Thus, the second factor favors Strike 3.

## C.    Absence of Alternative Means

Third, Strike 3 argues that, because Defendant's conduct occurred anonymously over the internet, it can only identify Defendant by his or her IP address. *See* Dkt. No. 6 at 7. Strike 3 further argues that Spectrum, who assigned that IP address in the first instance, will know who the

"address is assigned to and how to get in contact with them." *Id.* The Court agrees with Strike 3. Because "peer-to-peer file sharing relies on the anonymity of the internet," Strike 3 cannot prosecute some infringers without obtaining identifying information from their ISPs. *See Hunter Killer Prods., Inc. v. Boylan*, No. 20-cv-306, 2021 WL 2878558, at *3 (W.D. Tex. Jan. 28, 2021); *see also Malibu Media, LLC v. Doe*, No. 19-cv-962, 2019 WL 4003086, at *2 (W.D. Tex. Aug. 23, 2019) ("[A]s Defendant is known only by his or her IP address, there is no other way for Plaintiff to obtain this information."). For this reason, the third factor weighs in favor of Strike 3.

**D.    Need for Information**

Fourth, Strike 3 argues that information identifying Defendant is "critical" to its "ability to pursue litigation." Dkt. No. 6 at 8. That is, if Strike 3 cannot identify Defendant, it "will be unable to serve process." *Id.* The Court agrees. Without uncovering Defendant's identity, service of process is impossible. And without service of process, "proceedings against a party are void." *Fetty v. La. St. Bd. of Priv. Sec. Exam'rs*, 611 F. Supp. 3d 230, 239 (M.D. La. 2020) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)); *see also* FED. R. CIV. P. 4(m) (permitting dismissal when "a defendant is not served within 90 days after the complaint is filed"). In other words, this information is "critical to the litigation." *Strike 3 Holdings, LLC*, 2024 WL 3524043, at *3 (citing *FUNimation Ent. v. Does 1–1,427*, No. 11-cv-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012)). Accordingly, the fourth factor weighs in Strike 3's favor.

**E.    Expectation of Privacy**

Finally, Strike 3 argues that identifying information voluntarily conveyed to a third party, like an ISP, does not seriously implicate privacy concerns. *See* Dkt. No. 6 at 9–10. The Court generally agrees with Strike 3. *See, e.g.*, *Strike 3 Holdings, LLC*, 2024 WL 3524043, at *3

(emphasizing that "subscribers do not have an expectation of privacy in their subscriber information as they already conveyed such information to their [ISP]" (quoting *W. Bay One, Inc. v. Does 1–1,653*, 270 F.R.D. 13, 15 (D.D.C. 2010))); *Strike 3 Holdings, LLC*, 2021 WL 5203338, at *3 ("Courts have held that an ISP subscriber has 'a minimal expectation of privacy in the sharing of copyrighted material.'" (quoting *Malibu Media, LLC v. Does 1–11*, No. 12-cv-3810, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013))). Accordingly, the fifth factor weighs in favor of Strike 3.

Taken together, Strike 3 has met its burden of demonstrating good cause. Thus, Strike 3 is permitted to issue a third-party subpoena to Spectrum for the limited purpose of discovering Defendant's identity. However, the Court notes "that disclosure of a defendant's name or other identifying information in cases involving infringement of adult films could lead to abusive litigation through coercion." *Strike 3 Holdings, LLC*, 2021 WL 5203338, at *3 (quoting *Malibu Media, LLC v. Doe*, No. 15-cv-4381, 2015 WL 4923114, at *1 (S.D.N.Y. Aug. 18, 2015)) (internal quotation marks omitted). Strike 3 recognizes as much and, therefore, requests a protective order to "safeguard the early discovery process." Dkt. No. 6 at 10. The Court agrees and sets forth several restrictions below to protect Defendant's privacy.

## IV.    CONCLUSION

For the foregoing reasons, the Motion (Dkt. No. 6) is **GRANTED** as set forth below:

(1)    Strike 3 may immediately serve a third-party subpoena (the "Subpoena") on Spectrum to obtain the true name and address of the individual to whom Spectrum assigned the following IP address: 108.167.53.55. Spectrum shall not release this individual's telephone number, email address, or any other contact information.

(2)    A copy of this Order shall be attached to the Subpoena.

(3)    Strike 3 may also serve a third-party subpoena in the same manner described above on any service provider that is identified in response to the Subpoena as a provider of internet services to Defendant.

(4)     If Spectrum is a "cable operator" within the meaning of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521–573, it shall comply with § 551(c)(2) by sending a copy of this Order to Defendant. This provision provides: "A cable operator may disclose such [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

(5)     Spectrum shall have **sixty (60) days** from the date it is served with the Subpoena to serve Defendant with a copy of the Subpoena and this Order. Spectrum may serve Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

(6)     Defendant shall have **sixty (60) days** from the date he or she is served with the Subpoena and this Order to file any motion to quash or modify the Subpoena, as well as any request to litigate the Subpoena anonymously. **Spectrum may not turn over Defendant's personally identifiable information to Strike 3 before the expiration of this sixty-day period. Additionally, if Defendant or Spectrum files a motion to quash or modify the Subpoena, Spectrum may not turn over any information to Strike 3 until the Court rules on any such motion**.

(7)     If Defendant moves to quash or modify the Subpoena, or to proceed anonymously, he or she shall immediately notify Spectrum so that Spectrum is on notice not to release any of Defendant's personally identifiable information to Strike 3 until the Court rules on any such motion.

(8)     Spectrum shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or modify the Subpoena.

(9)     If the sixty-day period lapses without Defendant or Spectrum contesting the Subpoena, Spectrum shall have **fourteen (14) days** to produce the subpoenaed information to Strike 3.

(10)    Strike 3 shall serve Defendant with copies of all materials and information obtained about him or her.

(11)    Strike 3 shall use the information disclosed in response to the Subpoena for the sole purpose of protecting and enforcing its rights, as set forth in its pleading.

(12)    If Strike 3 files an amended pleading identifying Defendant, Strike 3 shall submit such pleading under seal.

It is so **ORDERED**.

**SIGNED** this 5th day of March, 2025.

_____

ORLANDO L. GARCIA
United States District Judge